UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| **WILLIAM E. LOCK,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | )   No. 4:05cv0010AS |
| | ) |
| **CSX TRANSPORTATION, INC.,** | ) |
| | ) |
| **Defendant** | ) |

*MEMORANDUM OPINION AND ORDER*

The complaint in this case was filed on or about February 3, 2005 in the U.S. District Court in Lafayette, Indiana on behalf of William E. Lock, an employee of the CSX Transportation, Inc., purporting to assert claims under the Federal Employers Liability Act, 45 U.S.C. §51 et seq. (FELA). On or about September 19, 2005, the defendant railroad filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil procedure (Fed.R.Civ.P.). The plaintiff filed a response on October 19, 2005, and the railroad filed a reply on November 3, 2005. This court heard extended oral argument in Lafayette, Indiana on December 22, 2005, and the same was extremely helpful.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze

2

summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this court addresses defendant's motion.

From its very inception in the first decade of the twentieth century, FELA has always had some very liberal intendments. Years ago, this point was well made by the Supreme Court of the United States in *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500 (1957). Holding that a plaintiff must show whether the employing railroad's negligence played any part, even in the slightest, as the proximate cause of the plaintiffs' injury. The structure of the statute itself with reference to contributory negligence is further proof of its liberal intendments. That does not mean that the railroad is the insurer of the employee, and it does not mean that the standard is strict liability. This court can take note of at least one case on its docket under this statute in which after a trial by jury the railroad prevailed. But given the standards for summary judgment in general and the particularized standards of FELA, this court cannot here decide that this plaintiff cannot prevail, at least some in part, as a matter of law. Certainly there is a railroad duty to assign employees to work which the employees are reasonably suited to do, and the failure in that assignment can result in responsibility by the railroad. *See Fulk v. Ill. Central R.R. Co.*, 22 F.3d 120 (7th Cir. 1994). Based on the discussions that were had in court on December 22, 2005 and those that are apparent from the papers filed, there is a substantial disagreement as to the importance of certain conduct by the railroad and by this plaintiff who had had long experience as a railroad employee.

3

This court continues to have enormous respect for the values that inhere in the Seventh Amendment of the Constitution of the United States. *See Latino v. Kaizer*, 58 F.3d 310 (7th Cir. 1995). This is not to say that this plaintiff will prevail on all of the issues or indeed any of them including the incident on January 4, 2001 and the follow up. At this time, this court cannot determine as a matter of law that Dr. Ribaudo testified there was no negligence in allowing this plaintiff to work as a track inspector. It is correct that there are provisions in the Federal Rules of Evidence Rule 704 which will permit a witness to testify on the ultimate issue. But even in the narrow set of circumstances which permit that species of evidence to go to a jury, it remains for the jury to make the determination and not this court on summary judgment. It will be for the jury to evaluate the believability and credibility of all witnesses, including, but not limited to, this particular doctor. This court at this time is not deciding how much, if any, of the doctors' "no negligence" evidence it will permit to the jury. Long experience has taught that these kinds of issues must be dealt with in very concrete circumstances as they are presented during a trial. *See Nutra Sweet Co. V. X-L Engineering*, 227 F.3d 776 (7th Cir. 2000), and *Walker v. Soo Line R. Co.*, 208 F.3d 531 (7th Cir. 2000) and

      This litigation fortunately is in the hands of highly experienced and expert litigators. One of the characteristics of such litigators, but not the only one, is a sense of reality, and it is most respectfully suggested that these lawyers meet with United States Magistrate Judge Paul R. Cherry in Hammond in the immediate future to have a candid, open and realistic

4

discussion with regard to this case. Magistrate Judge Cherry comes to our court after serving as both prosecuting attorney and a circuit judge in DeKalb County, Indiana, and has a wealth of experience regarding civil litigation.

As an aside, although it is of no great moment now, this court is less than impressed with what appears to be a forum shopping effort by the lawyers for this plaintiff. Fortunately, this case ended up precisely where it should have. For the record, the defendant railroad's motion for summary judgment has been carefully considered and is now **DENIED**. Counsel are expected to be ready for trial as now scheduled and should meet with the United States magistrate judge promptly. **IT IS SO ORDERED**.

**DATED:**   January 5, 2006

                                          **S/ ALLEN SHARP**
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**

cc: The Honorable Paul R. Cherry